# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-4044

_____

Grinnell Fire Protection Systems
Company,

            Petitioner,

    v.

National Labor Relations Board,

            Respondent.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

_____

No. 01-1339

_____

Grinnell Fire Protection Systems
Company,

            Respondent,

    v.

National Labor Relations Board,

            Petitioner.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

On Petition for Review from
National Labor Relations Board.

[PUBLISHED]

_____

Submitted: September 10, 2001

Filed: December 5, 2001

_____

Before LOKEN and FAGG, Circuit Judges, and BOGUE,[*] District Judge.
_____

PER CURIAM.

The Road Sprinkler Fitters Union, Local 669 represents all sprinkler fitters and their apprentices employed by Grinnell Fire Protection Systems Company. The Union went on strike against Grinnell in 1994 when their collective bargaining agreement expired, and Grinnell continued its operations with nonstriking Union employees and non-Union replacement workers. After Grinnell provided payroll information but refused to provide names and home addresses of employees in the Union's bargaining unit, the Union filed unfair labor practice charges asserting Grinnell failed to provide relevant bargaining information. Following a hearing, an administrative law judge (ALJ) held Grinnell engaged in an unfair labor practice by failing to bargain in good faith when Grinnell refused to provide the Union with the names and home addresses of bargaining unit employees, including strike replacements. The ALJ held the information was presumptively relevant, and found Grinnell failed to show the information was either irrelevant or requested in bad faith. The National Labor Relations Board affirmed the ALJ's decision and ordered Grinnell to provide the requested information. Grinnell Fire Protection Sys. Co. & Road Sprinkler Fitters, Local Union No. 669, 332 N.L.R.B. 120 (2000). Grinnell petitions for review, and the Board cross-applies for enforcement. We review the Board's factual findings for substantial evidence on the record as a whole, and review its legal conclusions for rationality and consistence with the National Labor Relations Act. Chicago Tribune Co. v. NLRB, 79 F.3d 604, 607 (7th Cir. 1996) (holding employer did not commit unfair labor practice in refusing to disclose replacement employees' home addresses).

_____

[*]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

An employer's duty to bargain with a union in good faith includes a duty to provide relevant information needed for the proper performance of the union's duties as the employees' bargaining representative. Detroit Edison Co. v. NLRB, 440 U.S. 301, 303 (1979). A union's assertion that it needs certain information does not automatically require the employer to supply it, however. Id. at 314. Rather, the employer's duty to supply information turns on the circumstances of the particular case. Id. The Board has consistently taken the view that the names and addresses of replacement employees are presumptively relevant information, and a union is generally entitled to the information upon request. Chicago Tribune Co., 79 F.3d at 607. Courts have held the names of replacement workers may be relevant to the collective bargaining process. Id. Nevertheless, relevant information may be withheld from a union when the interest in confidentiality outweighs the union's need for the information. Id. at 608.

Here, the record does not reveal specifically why the Union needs the information. In a letter, the Union requested the information "[i]n preparation for future discussions." Union vice-president Bodine stated the Union needs the information to know who the Union represents. Bodine's testimony reflects that at least in part, the Union uses the replacements' names and addresses for the purpose of solicitation. While this objective is not illegitimate as Grinnell suggests, it does not rise to the level of a need. Id. Further, replacement employees have worked at Grinnell since 1994, so the Union has had ample opportunities to communicate with them. Id. Indeed, Bodine testified he had visited Grinnell's work sites "a lot" of times to speak to replacement employees and had told them about job opportunities at other Union companies and about the Union's pension plan and other benefits. Bodine also contacted replacement employees on the telephone. We were told at oral argument that collective bargaining is now underway, but were not told whether this bargaining will include ongoing employment for the replacement employees. Although the names of bargaining unit employees may be relevant to collective bargaining, id. at 607, the employees' home addresses are of dubious relevance, since

-3-

the Union can contact the employees at work. The employees can easily provide their own addresses if they want to be contacted at home. Id. at 608. Besides, the Union probably already has a good many of these addresses from its on-the-job contacts since 1994, and probably already knows the addresses of the nonstriking Union workers. As for confidentiality, the employees do not have an extreme privacy interest in their names, which are commonly known in the workplace, but have a greater privacy interest in protecting the location of their homes, even though there is no evidence of threats of violence. See id.

We thus conclude Grinnell committed an unfair labor practice in refusing to disclose the bargaining unit employees' names, but not in refusing to disclose the employees' home addresses. Accordingly, we grant enforcement of the part of the Board's order requiring Grinnell to disclose the names of the bargaining unit employees, but deny enforcement of the part requiring disclosure of their home addresses.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-